## JURISDICTION TO ORDER AN ELECTION UNDER THE BEAL LAW.

[Circuit Court of Logan County.]

IN THE MATTER OF THE LOCAL OPTION ELECTION IN THE VILLAGE OF HUNTSVILLE, LOGAN COUNTY, OHIO.

Decided, March, 1903.

*Beal Law—Proceedings by Council—For the Ordering of an Election— Jurisdiction so to do Must Affirmatively Appear—Proclamation by Acting Mayor.*

1. Authorized jurisdiction is a condition precedent to the ordering by council of a vote under the Beal Municipal Local Option Law, and such jurisdiction must affirmatively appear from the record.
2. But where the record shows that a petition for an election under the Beal Law was presented to council, and that body took action by appointing a committee to investigate the matter, and the report of the committee was to the effect that more than forty per cent. of the voters had signed the petition, and this report was adopted, and by a unanimous vote of council an election was ordered and held, the fact that there was no formal finding that forty per cent. of the voters had signed the petition, and objection that there was in substance and effect no finding by council of the jurisdictional fact, does not go to the essence of the matter, but is technical, and will not lie.

DAY, J.; NORRIS, J., and MOONEY, J., concur.

On the 4th of August, 1902, an election was held in the village of Huntsville, Logan county, Ohio, under the provisions of the Beal Municipal Local Option Law, by the returns of which the proposition to prohibit the sale of intoxicants was carried by a majority, slightly attenuated but sufficient, if valid and in effect.

A contest was instituted in the probate court of said election to have it adjudged void and invalid on the grounds: First, that there was no mayor of said village qualified to make a proclamation of

said election, as required by law; second, that forty per cent. of the qualified electors of said village did not petition the council for the privilege of determining by ballot whether the sale of intoxicating liquors as a beverage should be prohibited in said village, and that the council never found nor determined that forty per cent. of said electors had signed such petition; third, that a majority of the votes cast at said election were not against the sale of intoxicating liquors as a beverage; and, fourth, that the statute under which said election was held is contrary to the Constitution of the state of Ohio and invalid.

On the 20th of August, 1902, the probate court of this county after hearing all of the evidence and argument, gave judgment against the contestors and in favor of contestees, sustaining the election, and held said election in all respects according to law and valid; and the court overruled the motion to set aside the finding and judgment and for a new trial. The contestants prepared a bill of exceptions, containing all of the evidence had on the hearing and containing the rulings of the court on hearing. Error was prosecuted in the common pleas court, and upon the hearing there the finding and judgment of the probate court was affirmed. Error is prosecuted here to reverse the judgment of both the lower courts.

There is a general assignment of error in the petition in error, viz., that the lower court erred in affirming the findings and judgment of the probate court.

In the lower court the unconstitutionality of the so-called Beal Local Option Law, and that there was no qualified mayor to make the proclamation to the voters was insisted on, but in this court while they are not abandoned entirely, they are waived so far as this court is concerned, with the statement that the Supreme Court has upheld the *same* law as against the charge of invalidity, and that the mayor of the village of Huntsville, did, in fact, make the necessary proclamation.

This court has not had much success in overruling decisions of the Supreme Court and therefore is not desirous, at this time, to engage in that kind of enterprise. We prefer to accept the out-

givings of that exalted court, as authority for us to follow, until that court in its wisdom may see proper to change its rulings. Counsel did well in waiving the proposition in this court, and saving it for the Supreme Court, in event the case finds its way there; also in view of the fact that Huntsville had an acting mayor, he did well to waive the question as to no qualified mayor to make the necessary proclamation of the election.

The single question relied on, for this court, is that forty per cent. of the electors did not petition for a ballot, and that the council did not so find before ordering an election to be held. Forty per cent. of the electors must make and sign a petition to council, asking the submission of the question to a vote, before council can have any authority or right to order a vote. Authorized jurisdiction is a condition precedent to the exercise of power to order a vote by the council; and if not true, if forty per cent. of the electors did not so petition, the election must be held of no effect. This jurisdictional fact may not be presumed from the fact that an election was ordered by council, but must affirmatively appear in the record. If it does so appear, then the presumption arises that the order made was properly made and is valid unless the proceeding was so irregular and erroneous as to invalidate; such was the holding of this court in the case of *Smith* v. *Frenzer et al,* in 12th Circuit Court Reports, at page 250. That case was affirmed by the Supreme Court and may be considered the law on that subject.

The only question we have here is the one: Does it appear from the record affirmatively that forty per cent. of the electors petitioned for the submission of the question of prohibition in Huntsville to the electors of the municipality? We are all of the opinion that such fact does clearly appear of record. The record of council shows that a petition for an election was presented to the council under the Beal Law and the council took action by appointing, on motion to that purpose, a committee to investigate the petition and report the facts to the council. The committee did investigate and report to the council that forty per cent. of the voters of Huntsville have signed the petition. This report

was accepted and acted upon by the council by unanimous vote and an order made appointing August 4th as the date that an election should be held.

There is no formal finding of the fact of forty per cent. of the voters signing the petition, but by the fairest inference it appears that such fact was then acted upon by the council and by each and every member thereof present and participating in the proceedings. This objection appears to us to be not at all of the essence, but purely and merely technical. There is in substance and effect a finding by the council of the jurisdictional fact, and if there is any doubt of that, it is made to appear on the trial of the contest in the probate court, that in fact more than forty per cent. of the voters did sign the petition. We are of the opinion that the fact that forty per cent. of the electors signed the petition is quite apparent on the record and that the council so found is also apparent. This gave jurisdiction and no prejudicial thing being made to appear, the presumption is that the order made was properly made, and the judgment is affirmed with costs but without penalty.

Judgment for costs, execution is awarded and remanded for execution.